UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 8:11-cr-333-T-23TGW
                                                         8:17-cv-2178-T-23TGW
CHESTER JOHN FLOYD
_____/

**O R D E R**

Floyd files a paper entitled "Motion to Proceed *Pro Se*" (Doc. 1), in which he requests a two-level reduction under the Sentencing Guidelines. Floyd is imprisoned for a total of three hundred months in accord with his convictions for (1) conspiracy to possess with the intent to distribute five kilograms or more of cocaine and five hundred grams or more of methamphetamine, (2) possession of a firearm by a felon, and (3) possession of a firearm during a drug trafficking crime. Floyd filed his paper a few weeks after the Federal Public Defender notified the parties that, because the sentence is the statutory mandatory minimum, Floyd is ineligible for a sentence reduction under Amendment 782 to the Sentencing Guidelines. (Doc. 352 in 8:11-cr-333)

Floyd's "Motion to Proceed *Pro Se*" asserts entitlement to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which *Welch v. United States*, 136 S. Ct. 1257 (2016), applies retroactively. The "Motion to Proceed *Pro Se*" is construed as a

motion under 28 U.S.C. § 2255 because Floyd challenges the validity of his sentence. This construed action is Floyd's second or successive motion under Section 2255.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*). Floyd's motion is barred.

Floyd's earlier challenge to this same conviction was denied on the merits. (Doc. 20 in 8:15-cv-1367-T-TGW) Floyd cannot pursue a second or successive motion without authorization from the Eleventh Circuit Court of Appeals. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *Felker v.*

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

*Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999). The earlier denial of his motion to vacate precludes Floyd from again challenging either his conviction or his sentence without first obtaining authorization from the circuit court. This new action is, therefore, a second or successive action that is subject to specific restrictions because a district court lacks jurisdiction to review a second or successive motion without the requisite authorization from the circuit court. *Burton v. Stewart*, 549 U.S.147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Section 2255(h) permits authorizing a second or successive motion under two circumstances, specifically:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme court, that was previously unavailable.

Floyd must first convince the circuit court of his entitlement to relief under *Johnson*. As a consequence, Floyd must obtain authorization from the circuit court to file a second or successive motion to vacate before jurisdiction is proper in the district court

to review a second or successive motion under Section 2255. Floyd fails to represent that the circuit court has granted him the necessary authorization.

Generally, an applicant cannot appeal a district court's denial of relief under Section 2255 unless either the district court or the circuit court issues a certificate of appealability ("COA"). However, as *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007), explains (in the context of an application for the writ of habeas corpus under Section 2254), a COA cannot issue in this action because the district court cannot entertain the motion to vacate to review the second or successive application:

> Because he was attempting to relitigate previous claims that challenge the validity of his conviction, Williams was required to move this Court for an order authorizing the district court to consider a successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims.

*See United States v. Robinson*, 579 Fed. App'x 739, 741 n.1 (11th Cir. 2014)[2] (applying *Williams* in determining that the district court lacked jurisdiction because the motion to alter or amend a judgment under Rule 60(b), Federal Rules of Civil Procedure, was actually an impermissible second or successive motion under Section 2255 and, as a consequence, "a COA was not required to appeal the denial of the motion").

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

Accordingly, the "Motion to Proceed *Pro Se*" (Doc. 1), construed motion to vacate under 28 U.S.C. § 2255, is **DISMISSED**. The clerk must both close this case and enter a copy of this order in the criminal case.

ORDERED in Tampa, Florida, on September 27, 2017.

/s/ Steven D. Merryday
_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE